**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**ECOLAB MARKETING LLC,**

Plaintiff,

v.

**GRAY*STAR, INC.**,

Defendant, Counterclaimant,
and Third Party Plaintiff,

v.

**ECOLAB, INC., WILLIAM A. MATHISON, STERIGENICS INTERNATIONAL, INC., and ION BEAM APPLICATIONS, S.A.**,

Third-Party Defendants.

Civil No. 00-1014 (PAM/JGL)

**O R D E R**

---

**GRAY*STAR, INC.,**

Plaintiff,

v.

**ECOLAB, INC., ECOLAB MARKETING LLC, WILLIAM A. MATHISON, and ION BEAM APPLICATIONS, S.A. aka IBA GROUP STERIGENICS INTERNATIONAL,**

Defendants,

Civil No. 00-1500 (PAM/JGL)

---

MAY 31 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

APPEARANCES

Justin Harley Perl, Esq., and R. Christopher Sur, Esq., for Gray*Star, Inc.

David S. Miller, Esq., for Ecolab Marketing LLC, Ecolab Inc., and William A. Mathison.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on May 29, 2001 on Gray*Star, Inc.'s Motion for a Protective Order and for an Amended Pretrial Schedule. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

At the motion hearing, the parties represented that there were no objections to entry of Gray*Star's proposed protective order. Accordingly, that portion of Gray*Star's motion is granted.

The relevant factual and procedural history pertaining to Gray*Star's request to amend the pretrial schedule follows. The parties filed their initial disclosures pursuant to Federal Rule of Civil Procedure 26(f) on September 11, 2000. Some of the documents identified by Ecolab, Inc., Ecolab Marketing LLC, and William Mathison (collectively "Ecolab"), Ion Beam Applications ("Ion Beam"), and SteriGenics International, Inc. ("SteriGenics") contained confidential or trade secret information, and the disclosures indicated the parties would produce the information only after a protective

order was entered. (Sur. Aff. Exs. A, B, C.) On January 30, 2001, Gray*Star circulated a proposed protective order to the other parties but failed to receive any suggested changes. Although the period for discovery was scheduled to end on June 1, 2001, Gray*Star did not serve written discovery requests until May 17, 2001. Gray*Star gives two reasons for its untimely requests: it anticipated that the parties would stipulate to a protective order, and it speculated that Ecolab, Ion Beam, and SteriGenics would not participate in discovery unless a protective order was in place. Faced with the prospect of having no discovery in this case, Gray*Star now asks the Court to amend the pretrial schedule and extend all dates by sixty days.

Modifying a pretrial scheduling order requires a showing of good cause by the moving party. See Fed. R. Civ. P. 16(b). Good cause requires the party seeking the extension to show diligence in attempting to comply with the schedule. See Fed. R. Civ. P. 16(b) advisory committee's note (1983); Archer Daniels Midland Co. v. Aon Risk Serv., Inc., 187 F.R.D. 578, 582 (D. Minn. 1999). Rule 16(b) focuses on the showing of good cause and diligence by the movant, not whether the non-movant will be prejudiced. See Luigino's, Inc. v. Pezrow Companies, Inc., 178 F.R.D. 523, 525 (D. Minn. 1998).

The Court finds that Gray*Star has made a barely sufficient showing of diligence. Gray*Star attempted to get the parties to stipulate to a protective order within the original deadline; Gray*Star timely moved for a

protective order and an extension; and it at least served the discovery requests before the close of discovery. A truly diligent party, however, would have moved the Court for a protective order when it became apparent that the parties could not stipulate to one and that the discovery period would be affected. In addition, a truly diligent party would have timely served written discovery requests, notwithstanding mere speculation that the other party would object, and would have moved to compel discovery if and when such suspicions were realized. Given Gray*Star's litigation practice thus far, the Court will look with great disfavor on any future requests by Gray*Star to extend or modify the pretrial schedule.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Gray*Star, Inc.'s Motion for a Protective Order and for an Amended Pretrial Schedule (Doc. No. 31 in Civil No. 00-1014; no Doc. No. in Civil No. 00-1500) is **GRANTED**.

(2) The pretrial schedule is amended as follows: discovery closes on **August 1, 2001**; non-dispositive motions shall be filed and served prior to **August 1, 2001**; Plaintiff's expert disclosures shall be made on or before

**June 15, 2001**; Defendant's expert disclosures shall be made on or before **July 15, 2001**; all dispositive motions shall be served, filed, and fully briefed prior to **October 1, 2001**; and the case shall be ready for trial on **November 1, 2001**.

(3) The Protective Order is attached to and incorporated into this Order, and it shall control dissemination of all information produced in this lawsuit.

Dated: May 31, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

Ecolab Marketing LLC,

Civil File No. 00-CV-1014 PAM/JGL

Plaintiff,

vs.

Gray*Star, Inc.,

**PROTECTIVE ORDER**

Defendant, Counterclaimant
and Third Party Plaintiff,

vs.

Ecolab Inc., William A. Mathison, Sterigenics International, Inc., Ion Beam Applications, s.a.

Third Party Defendants.

---

Gray*Star, Inc.,

Civil File No. 00-1500 PAM/JGL

Plaintiff,

vs.

Ecolab Inc., Ecolab Marketing LLC, William A. Mathison and Ion Beam Applications, a/k/a IBA Group Sterigenics International,

Defendants.

---

The above-captioned matter came on for hearing at 9:00 a.m. on Tuesday, May 29, 2001, before the Honorable Jonathan G. Lebedoff, Magistrate Judge, United States District Court on a motion by Gray*Star, Inc. for an order pursuant to Fed. R. Civ. P. 26(c) that trade secret or

confidential research, development, and commercial information be disclosed only in a designated way. Appearances are noted on the record.

Based on the arguments of counsel, and all of the files and proceedings herein, it is HEREBY ORDERED THAT:

1. Confidential Information - Defined: Any information produced by the parties during the course of discovery that is not generally known by or broadcast to the public, and all copies, excerpts, or summaries of the documents produced, including without limitation, documents produced by a party pursuant to Fed. R. Civ. P. 33 or 34, answers to requests for admission, answers to interrogatories, documents subpoenaed from a party, and deposition transcripts, may be designated as "CONFIDENTIAL" by any party. Any matter designated by a party as "CONFIDENTIAL" may only be disclosed to the following persons:

a. Attorneys of record or in-house counsel for the parties in this action, and the staff of their respective law firms or in-house legal departments, working on this case;

b. Experts or consultants hired by or consulted by such attorneys in connection with this case but only on the condition that the expert or potential expert agrees to the restrictions set forth herein;

c. No more than three individuals each of whom are officers, directors or employees of the Ecolab Parties, Gray*Star, and SII/IBA and who are reasonably necessary to assist counsel. These individuals shall be disclosed to the all parties;

d. Persons noticed for deposition or designated as trial witnesses, to the extent necessary for the preparation of the person's testimony in this case provided that documents will not be shown to witnesses who are not employees of the producing party (or otherwise within the categories of persons to whom disclosure may be made) except during depositions with prior notice and consent during the deposition by counsel for the producing party;

e. The Court and Court personnel in accordance with the procedures set forth in paragraph 8 below;

f. Stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this case.

2. Highly Confidential Information - Defined: Any information, relating to trade secrets, product research or development, marketing research or development, financial information, or confidential customer lists, which is maintained by a company in a confidential manner, and where access to employees is restricted and the confidential nature of the information is known to the employees, may be designated as "HIGHLY CONFIDENTIAL." As to such matters, each side may designate any discovery information produced by that party to be "HIGHLY CONFIDENTIAL" and each side shall treat the information as "HIGHLY CONFIDENTIAL" until further order of the court. Any matter designated by a party as "HIGHLY CONFIDENTIAL" shall be subject to the following restrictions:

a. Attorneys of record or in-house counsel for the parties in this action, and the staff of their respective law firms or in-house legal departments working on this case may have access to the material;

b. Experts or consultants hired by or consulted by such attorneys in connection with this case but only on the condition that the expert or potential expert agrees to the restrictions set forth herein;

c. The Court and Court personnel in accordance with the procedures set forth in paragraph 8 below;

d. Stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this case.

3. Any party from time to time may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any discovery materials they produce which contain confidential information (hereinafter "Confidential Discovery Materials"), the disclosure of which by the receiving party would, in the good faith judgment of the party producing such material, result in disclosure of

confidential commercial information or undue invasion of privacy. To the extent that certain materials or information is deemed "HIGHLY CONFIDENTIAL" with respect to one party, but either "'CONFIDENTIAL" or non-confidential with respect to another party, these materials and/or this information shall be designated "HIGHLY CONFIDENTIAL." Nothing in this agreement, however, shall prevent two or more parties from agreeing that material or information designated "HIGHLY CONFIDENTIAL" may be treated as either "CONFIDENTIAL" or non-confidential by one of the parties to this action.

4. To the extent feasible, all Confidential Discovery Materials shall be stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" prior to its production. Information produced by a non-party may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the parties even if not so designated by the producing non-party. In the event that a party inadvertently fails to designate any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, the party producing that information may within thirty (30) days of production make such a designation by notifying the receiving person in writing. Each side shall treat information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as such, in accordance with the terms of this Protective Order until further order of the Court.

5. In the case of deposition testimony, counsel for the person being deposed shall, within thirty (30) days after the transcript has been received by such counsel, designate those portions of the transcript which contain testimony concerning Confidential Discovery Materials, or which otherwise relate to "CONFIDENTIAL" or "HIGHLY INFORMATION" (hereinafter "Confidential Deposition Testimony") by marking the pages so designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." During this 30 day period, the entire transcript shall be treated as though it was

designated "HIGHLY CONFIDENTIAL" and shall be disclosed only to those persons listed above in paragraph 2.

6. Confidential Discovery Materials or Confidential Deposition Testimony shall not be used by or communicated to any person or entity for business or competitive purposes or for any other purpose whatsoever except the prosecution or defense of this case.

7. Before disclosing Confidential Discovery Materials or Confidential Deposition Testimony to experts or other non- parties, the attorney or party disclosing the materials shall advise such persons of the restrictions of this Protective Order and obtain written assurance in the form attached that such person will be bound by its provision. That written assurance will not be available for inspection by the attorneys for the party whose confidential material is produced, except that the party producing the confidential information may request the Court to review such forms in camera to assure that such forms are duly executed.

8. All Confidential Discovery Materials or Confidential Deposition Testimony submitted to or filed with the Court in this action shall be submitted or filed under separate cover and shall be placed under seal. Such materials shall only be available to the Court and persons authorized by this Protective Order.

9. This Protective Order shall not prevent any Confidential Discovery Materials or Confidential Deposition Testimony from being used by the Court or counsel of record at any hearing in this action, or from being offered and received into evidence at trial, subject to such confidentiality measures as the Court may then prescribe.

10. The mere fact that a party accepts a designation of material or testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the other party and abides by the terms of

this Protective Order does not constitute an admission that the information is in fact confidential or was maintained as trade secret. Any party asserting that information legally constitutes a trade secret or confidential business information must prove all necessary elements at trial, and the mere designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" for purposes of this Protective Order shall have no evidentiary significance at trial and shall not reduce the party's burden of proof.

11. No person who obtains access to Confidential Discovery Materials or Confidential Deposition Testimony pursuant to this Protective Order may disclose that information to any persons other than those permitted access under this Protective Order, unless it first secures the written consent of the producing party, or obtains permission from the Court, upon motion and with notice to all parties.

12. Within thirty (30) days after the conclusion of trial and all appeals or any other termination of this action, all Confidential Discovery Materials or Confidential Deposition Transcripts shall be returned to the producing party or destroyed in a mutually agreeable manner, and all excerpts and summaries thereof shall be destroyed. The prohibitions of this Protective Order which restrict the disclosure and use of Confidential Discovery Materials or Confidential Deposition Testimony shall continue to be binding after the conclusion of this action.

13. Any party may apply to the Court for an order modifying this Protective Order, removing the confidential designation from any discovery materials, or extracts or portions thereof, reclassifying Confidential Discovery Materials or further protecting Confidential Discovery Materials. The burden of persuasion regarding any party's confidentiality designation shall be governed by Rule 26 of the Federal Rules of Civil Procedure and the applicable case law. This

Protective Order is without prejudice to the rights of any party to object to the production of documents or information which it considers to be privileged or otherwise beyond the scope of Fed. R. Civ. P. 26.

14. The Parties shall in all respects abide by the terms of this Protective Order.

Dated: May 31, 2001

BY THE COURT:

Jonathan G. Lebedoff, Magistrate Judge
United States District Court

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 708
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.